IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60352
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE CLIFTON,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Northern District of Mississippi
(3:97-CR-006-B-B)
_____

August 31, 1998

Before REAVLEY, DAVIS and DUHÉ, Circuit Judges.

PER CURIAM:[*]

The judgment of conviction and sentence by the district court is affirmed for the following reasons:

1. Because defendant was arrested after indictment, he was not entitled to a preliminary hearing prior to transfer from Lake Village to Greenville.

2. Any contention about pre-trial detention was moot after trial and conviction. The chances of impeachment of witnesses hardly justify an extra hearing.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3.     The district court did not abuse his discretion in excusing Pearson from the jury panel.  She was recovering from surgery.  Defendant made no objection.

4.     The court's charge to the jury was sufficient and free of error.  The court apparently failed inadvertently to give the express "no-adverse-inference" instruction on defendant's failure to testify, because the court had marked the requested instruction "OK."  When the court concluded its charge to the jury, the defendant's counsel was asked if there was anything to be added and counsel had no request or objection.  Under this record, any omission in the jury instruction was harmless.

5.     The evidence supported the conviction on both counts.  As for the money laundering count, the facts are materially different from United States v. Heaps, 39 F.3d 479 (4th cir. 1994).  There the money wired was the final payment for a certain sale of drugs.  Here the proof was that the money was sent to the California supplier of cocaine for defendant.  The unlawful activity of defendant produced the proceeds and its transmission allowed and promoted that supply to continue.  This could be the finding of the jury, as the charge required of them.

6.     There was no flaw in the Count 2 of the indictment, and there was no variance in the charge or proof.

2

7. There is no showing or sign of exculpatory evidence denied to defendant. His attorney saw the grand jury transcript. He had full opportunity to examine special agent Bostick at sentencing.

8. The evidence and finding of the district court were to the effect that five or more persons participated in the cocaine activity of which defendant was the leader.

9. The 50-plus kilogram quantity of cocaine was based on the reports of Spann and Williams. Whether they testified to that at trial or told agent Bostick, all considered credible by the district court, there is no cause for resentencing.

10. The prosecutor did not comment on Clifton's failure to testify by addressing the contentions of the defense. Defendant's attorney invited the comment on the tape by his argument that the jury had not heard the tape.

AFFIRMED.